UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT


NATHAN ASANTE AWUAH
                              PRISONER
   v.                      Case No. 3:10cv1104(SRU)

STATE OF CONNECTICUT


**<u>ORDER</u>**

On July 14, 2010, petitioner Nathan Asante Awuah, an inmate currently confined at the Suffolk County House of Correction in Boston, Massachusetts, filed an petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges May 2008 and June 2007 Connecticut convictions.

Rule 8(b) of the Local Civil Rules of the United States District Court for the District of Connecticut provides that petitions for writ of habeas corpus "shall be on forms approved by the Court and supplied by the Clerk." The petition for writ of habeas corpus is not on a form approved by this court.

In addition, the first two pages of the petition pertain to two separate Connecticut convictions. The first page describes a May 16, 2008 conviction for breach of peace and violation of probation. Petitioner received a sentence of six months of imprisonment, execution suspended, followed by eighteen months of probation. The second page describes a June 6, 2007 conviction for failure to appear. Petitioner received a sentence of three years of imprisonment, execution suspended and a conditional

discharge of three years.  It is unclear whether the information on the remaining nine pages of the petition pertains to the 2007 or the 2008 conviction.

As a final matter, a prerequisite to filing a petition for a writ of habeas corpus in federal court for relief from a state court conviction is that the petitioner be "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a).  The Supreme Court has interpreted this language to require that the "petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed," Maleng v. Cook, 490 U.S. 488, 491-92 (1989) (citations omitted), or under a consecutive sentence imposed at the same time as the conviction or sentence under attack.  See Garlotte v. Fordice, 515 U.S. 39, 41 (1995).

It is apparent that petitioner was not incarcerated or on probation pursuant to either the 2007 or 2008 convictions at the time he filed the petition with this court.  Accordingly, petitioner is directed to show cause why this petition should not be dismissed because he is not in custody on the sentences being challenged.

Petitioner is directed to file **an amended petition on a Section 2254 form**.  Petitioner shall also file a **Notice** explaining why the amended petition should not be dismissed because he is not in custody on either sentence being challenged.

The petitioner shall return the completed amended habeas form and the notice to this court within twenty days of the date of this order.

**The Clerk shall send the petitioner a Section 2254 Habeas Corpus Petition form with a copy of this order. Failure to comply with this order and timely return the completed amended petition form or the notice will result in the dismissal of this action without further notice from the court.**

**SO ORDERED** this \_\_\_12th\_\_\_ day of August 2010, at Bridgeport, Connecticut.

> \_\_\_/s/ *William I. Garfinkel*\_\_\_
> William I. Garfinkel
> United States Magistrate Judge